JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John B. Watts, III, appeals his convictions for possession of drugs and drug trafficking. For the reasons that follow, we affirm appellant's convictions but remand for the trial court to correct its sentencing entry to accurately reflect what occurred at the sentencing hearing.
 {¶ 2} On May 8, 2002, appellant was driving a vehicle titled to Charmaine Davidson ("Davidson"), his girlfriend at the time, when he was stopped by Cleveland Police Officer Robert Albertini for violating a municipal ordinance prohibiting the use of high-beam lights. In the course of investigating the ownership of the vehicle and preparing the issuance of a citation, Officer Albertini testified that he observed approximately a one-inch section of a plastic bag containing what the officer suspected to be marijuana hanging from the dashboard area near the emergency brake. The officer retrieved the bag, which contained not only the suspected marijuana packaged in five separate bags, but a white substance he suspected to be crack cocaine.[1] Although Officer Albertini did not find any drugs on appellant, he did confiscate a pager, cellular phone and $357 in cash. Because he was working alone, Officer Albertini radioed for transport assistance and advised appellant that he was under arrest for violating this state's drug laws.
 {¶ 3} Officers Duane Taylor and Gerald Sowul appeared on the scene shortly thereafter. As Officer Sowul transported appellant to his police cruiser, Officer Albertini questioned appellant regarding the existence of any other drugs. Officer Albertini testified as follows:
 {¶ 4} "OFFICER ALBERTINI: I asked [appellant] if he had any more narcotics in the car.
 {¶ 5} "PROSECUTOR: And what did he state, if anything?
 {¶ 6} "OFFICER ALBERTINI: [Appellant] stated, "You got it."
 {¶ 7} "PROSECUTOR: Did you say anything else after that?
 {¶ 8} "OFFICER ALBERTINI: Yes, I did.
 {¶ 9} "PROSECUTOR: What else did you state to him?
 {¶ 10} "OFFICER ALBERTINI: I said, "How much? How much is there?
 {¶ 11} "PROSECUTOR: And what did he say?
 {¶ 12} "OFFICER ALBERTINI: [Appellant] said, "Some weed and some white."
 {¶ 13} Officers Sowul and Taylor both testified that they overheard this conversation between appellant and Officer Albertini. All the officers testified that the terms "weed and white" refer to marijuana and cocaine, respectively.
 {¶ 14} Appellant was eventually charged with (1) possession of drugs, in violation of R.C. 2925.11; (2) drug trafficking, in violation of R.C. 2925.03; and (3) possession of criminal tools, in violation of R.C. 2923.24. At the jury trial that followed, Officers Albertini, Taylor and Sowul each testified as set forth above. After the trial court denied appellant's motion for acquittal, Robert Lee Walker ("Walker") and Richard Michael Ragnanese ("Ragnanese") testified on appellant's behalf.
 {¶ 15} Walker testified that he previously owned the vehicle in which the drugs were found and sold it to appellant shortly before the latter's arrest. To be sure, appellant submitted a certificate of title verifying that the vehicle had transferred ownership from Walker to appellant on May 1, 2002, just seven days prior to the date of appellant's arrest.[2] Walker further testified that he only owned the vehicle for one month before that and he had personal knowledge that several drug users and/or traffickers in the area used the vehicle to store their drugs or even to sleep because the vehicle did not have operational locks to prevent anyone from entering the vehicle. He testified that he personally had to admonish these individuals from using the vehicle in this manner. Walker admitted to having a criminal history that included drug-related offenses.
 {¶ 16} Ragnanese testified that he has known appellant for several years. Ragnanese is a minister and has coordinated a recreational football program for the past 12 years. He testified that the football program provides opportunities for local youths to "get off the streets." He further testified that appellant has been an integral part of this program for the last seven years, serving as a coach and mentor, and that his reputation in the community is "outstanding."
 {¶ 17} The jury ultimately found appellant guilty of possession of drugs and drug trafficking but not guilty of possessing criminal tools. At the sentencing hearing that followed, the trial court sentenced appellant to concurrent one-year prison terms for both offenses. Although the trial court judge did not inform appellant that post-release control was part of his sentence, the sentencing journal entry reflects that post-release control was imposed.
 {¶ 18} Appellant is now before this court and assigns two errors for our review.
 I {¶ 19} In his first assignment of error, appellant contends that the trial court erred in denying his motion for acquittal because there was insufficient evidence to support his convictions. In particular, appellant contends that he had only recently purchased the vehicle and had no knowledge that the drugs were hidden there.
 {¶ 20} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 Possession of Drugs {¶ 21} R.C. 2925.11 provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer
(1998), 82 Ohio St.3d 490, 492.
 {¶ 22} Appellant claims that the facts and circumstances of this case do not support that he acted knowingly. In particular, he argues that he had only recently purchased the vehicle and was unaware that the drugs were hidden in it. Appellant's comments to Officer Albertini as overheard by the other two officers, however, acknowledge that he was aware that the drugs were in the vehicle. Relying on this court's decision in State v. Miller, Cuyahoga App. No. 81608, 2003-Ohio-1168, appellant, nonetheless, argues that mere access to the drugs does not equate with possession of drugs. This is a true statement.
 {¶ 23} Possession is defined as having "control over a thing or substance," but it may not be inferred solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). At issue inMiller, however, was whether the defendant's mere presence during the commission of a crime equated with that defendant aiding and abetting in drug trafficking. This is not the issue in this case. The issue here is whether appellant was in a position to exert control over the drugs as opposed to merely having access to those drugs.
 {¶ 24} Possession can be actual or constructive. See State v.Wolery (1976), 46 Ohio St.2d 316, 329; State v. Haynes (1971),25 Ohio St.2d 264, 267; State v. Barr (1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87 at the syllabus. It is not necessary to establish ownership of a controlled substance in order to establish constructive possession. State v. Mann (1993), 93 Ohio App.3d 301, 308. As such, readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984),18 Ohio App.3d 50, 58; see, also, State v. Scalf (1998),126 Ohio App.3d 614, 619-620.
 {¶ 25} Appellant claims that there was no evidence that he exercised dominion or control over the drugs. We disagree. Appellant's responses to Officer Albertini indicate his awareness of the presence of the drugs. Moreover, the drugs confiscated were in close proximity to appellant — indicating that appellant was in constructive possession of the drugs. See State v. Pruitt, 18 Ohio App.3d at 58.
 {¶ 26} This evidence, if believed, would support appellant's conviction for possession of drugs. The trial court did not err, therefore, in denying appellant's motion for acquittal on this charge.
 Drug Trafficking {¶ 27} R.C. 2925.03 provides that "[n]o person shall knowingly sell or offer to sell a controlled substance." Appellant advances the same argument as he did in challenging his conviction for drug possession — that he did not act knowingly.
 {¶ 28} Having concluded in Section I(A) that appellant did act knowingly, we further conclude that the testimony at trial supported the conviction for drug trafficking. The plastic bag confiscated by Officer Albertini contained five pre-packaged bags of marijuana as if for sale. Also confiscated from appellant was a pager, cellular phone and a large amount of cash in small denominations. Officer Albertini testified that these items, as well as the pre-packaged marijuana, are items that are typically used by or found on individuals trafficking in drugs. Items that are typically used by drug traffickers can support a conviction for drug trafficking. See State v. Tolbert (1996), 116 Ohio App.3d 86,91-92; State v. Mann (1993), 93 Ohio App.3d 301, 309-310.
 {¶ 29} This evidence, if believed, would support appellant's conviction for drug trafficking. The trial court did not err, therefore, in denying appellant's motion for acquittal on this charge.
 {¶ 30} Appellant's first assignment of error is not well taken and is overruled.
 II {¶ 31} In his second assignment of error, appellant contends that his convictions were against the manifest weight of the evidence.
 {¶ 32} A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice
 {¶ 33} that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 34} We see no manifest miscarriage of justice. Certainly, appellant attempted to demonstrate that someone else placed the drugs in the car. It is within the purview of the factfinder, however, to believe or disbelieve all or part of any testimony the factfinder hears. We cannot say that the trial court lost its way in resolving the testimony before it so as to create a manifest miscarriage of justice. On the contrary, the officers' testimony supported appellant's convictions for possession of drugs and drug trafficking.
 {¶ 35} Appellant's second assignment of error is not well taken and is overruled.
 III {¶ 36} Although not raised as error by appellant, our review of the record indicates that appellant was not informed during the sentencing hearing that post-release control would be part of his sentence. The journal entry, however, imposes post-release control as part of the sentence.
 {¶ 37} This author recently addressed this issue in State v.Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180. In that case, a unanimous panel of this court acknowledged the differences of opinion on this court as to the appropriate manner in which to handle this issue. See State v. Johnson, supra at ¶¶ 38-39. In concluding that post-release control is not properly part of a criminal defendant's sentence when that defendant is not informed as much during the sentencing hearing, we stated:
 {¶ 38} "We are compelled to follow this latter position. Those panels following the Johnson [State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581][3] line of reasoning do so because of the mandatory requirement of post-release control under R.C. 2967.28(B). Because of the mandatory nature of post-release control, its omission by the trial court makes the sentence statutorily incorrect and, therefore, void. Yet theWoods court made no distinction between mandatory and discretionary post-release control as the Johnson [2002-Ohio-4581] court would intimate. See Johnson, 2002-Ohio-4581, at ¶ 17. On the contrary, theWoods court explicitly stated that the requirement of informing an offender at the time of sentencing is required by both R.C. 2967.28(B)and (C)."
 {¶ 39} We are mindful that appellant has not raised this issue as an assignment of error. Nonetheless, App.R. 12(A) permits this court, in its discretion and in the interest of justice, to consider assignments of error not properly raised as long as the parties are given an opportunity to brief and argue the issue. See State v. Peagler (1996),76 Ohio St.3d 496, 499; see, also, Crim.R. 52(B). At oral argument, the state conceded that it would be error if the trial court judge failed to inform appellant at the sentencing hearing that post-release control was part of his sentence.
 {¶ 40} The transcript from the sentencing hearing indicates that appellant was not so informed. As this court did in Johnson
[2003-Ohio-4180], we, too, remand this case to the trial court to correct the journal entry to accurately reflect what occurred at sentencing — that post-release control is not part of appellant's sentence.
 {¶ 41} The judgment of the trial court is affirmed but remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of sentencing journal entry, however, consistent with the opinion herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and John T. Patton,* J., Concur.
[1] The parties stipulated that forensic analysis later identified both substances as marijuana and crack cocaine.
[2] The record reflects that title transferred from Walker to appellant on May 1, 2002. The next day, May 2, 2002, appellant transferred ownership to Davidson. Appellant was arrested May 8, 2002.
[3] To thoroughly confuse the issue, both cases involve criminal defendants with surnames of Johnson. Where possible, we will refer to each case by its citation for purposes of clarity.
* Sitting by Assignment: Judge John T. Patton, Retired, of the Eighth District Court of Appeals.