JOURNAL ENTRY AND OPINION
{¶ 1} Following a bench trial, defendant appeals two of his four convictions. At approximately 1:53 a.m. on January 7, 2004, in Newburgh Heights, Ohio, police officer Kenneth Landbert observed a vehicle without its headlights on weaving on the road. After the vehicle crossed the center line, Landbert pulled the car over and approached the driver, defendant William Moran.
 {¶ 2} Appearing to be intoxicated, defendant was taken to a local police station, where a pat down search occurred. Police recovered a wooden pipe from defendant's pants pocket. The pipe was identified as drug paraphernalia used to smoke marijuana.
 {¶ 3} Defendant was convicted of driving while under the influence of alcohol in violation of R.C. 4511.19 and possession of drug paraphernalia in violation of R.C. 2925.14.[1] Defendant appeals these two convictions and presents two assignments of error:
I. The evidence was insufficient to sustain a verdict that Mr. Moran was guilty of possessing drug paraphernalia.
 {¶ 4} Defendant argues that the state's evidence against him on the charge of possessing drug paraphernalia was insufficient. We agree.
 {¶ 5} "An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact." State v. Watts, Cuyahoga App. No. 82601, 2003-Ohio-6480 citing State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. "Sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386-387, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 6} In the instant case, defendant was convicted of illegally possessing drug paraphernalia, namely, a marijuana pipe.[2] To convict a defendant of the illegal use or possession of drug paraphernalia, the state must prove that he did "knowingly * * * possess with purpose to use, drug paraphernalia." R.C. 2925.14(C)(1).[3]
 {¶ 7} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). In the case at bar, Landbert identified the pipe found on defendant at the police station as a marijuana pipe. Landbert testified as follows:
Q: * * * You spoke of a citation or arrest of drug paraphernalia. I want you to look at what's been marked for purposes of identification as Plaintiff or States Exhibit 1. Would you look at that and tell me if you can identify what that is?
A: Yes, sir. This is a pipe that was removed from his pocket.
Q: Where was that located physically on the Defendant?
A: His right jean pocket.
Q: And based on your training and experience, what is that particular exhibit used for?
A: Smoking marijuana, pot.
Tr. 18.
 {¶ 8} Defendant argues that because Landbert's expertise in drug paraphernalia was never established, he cannot offer his opinion on the object found in his pocket. We disagree.[4]
 {¶ 9} It is settled law that a police office possesses the training and experience needed to qualify as an expert witness under Evid.R. 702.[5] In re Litterst, (June 26, 1998), Lake App. Nos. 97-L-135 and 97-L-136. As long as the state lays the proper foundation establishing the officer's job experience and any special training he has received, his opinion about police matters is admissible. Id.
 {¶ 10} In the case at bar, the state established Landbert's credentials as an experienced police officer. His 32 years as a police officer and the thousands of arrests he has made of persons under the influence of drugs or alcohol during that time provide the credentials necessary for him to offer the credentials necessary for him to offer an expert opinion about the object found on defendant.
 {¶ 11} Although Landbert's testimony is direct evidence that the pipe found on defendant is an object used to smoke marijuana, the city still needed to prove beyond a reasonable doubt an additional element: that defendant did "knowingly use, or possess with purpose to use" the pipe in order to ingest, inhale, or otherwise introduce "into the human body, a controlled substance in violation of this chapter."
 {¶ 12} "Possession of drug paraphernalia containing drug residue * * * is sufficient to support such a conviction." State v. Jordan, Cuyahoga App. Nos. 79469 and 79470, 2002-Ohio-590, at *14, citing State v. Teamer
(1998), 82 Ohio St.3d 490; see also, State v. McDermott, Stark App. No. 2002CA00110, 2002-Ohio-6982; City of Toledo v. Forshey, (July 14, 2000), Lucas App. No. L-99-1231; State v. Glowacki (1999), 131 Ohio App.3d 640,723 N.E.2d 193; State v. Smith (January 7, 1994), Clark App. No. 3013;State v. Jenkins, (July 5, 1990), Cuyahoga App. Nos. 57220 and 57221.
 {¶ 13} In City of Bowling Green v. Mt. Castle, (February 27, 1998), Wood App. No. WD-97-056, defendant was charged with possession of drug paraphernalia[6] after he admitted to police that a ceramic pipe under the passenger seat of a car belonged to him. Police did not recover any Police did not recover any illegal drugs on or near defendant before they arrested him.
 {¶ 14} On appeal, the court reversed defendant's conviction because there was no evidence that defendant used the pipe nor was there any evidence that the pipe contained residue from any illegal substance.
 {¶ 15} In the case at bar, just as in Mt. Castle, there is no evidence that the pipe found on defendant had ever been used by him with a controlled substance. The city failed to establish that the pipe contained any drug residue, marijuana or otherwise. Landbert's testimony, standing alone therefore, is not sufficient evidence to prove beyond a reasonable doubt that defendant committed the offense of possessing drug paraphernalia. Accordingly, defendant's first assignment of error is sustained.
II. The convictions for driving under the influence of alcohol and for possession of drug paraphernalia were against the manifest weight of the evidence.
 {¶ 16} Defendant argues that the manifest weight of the evidence does not support his convictions for possessing drug paraphernalia and driving under the influence of alcohol.
 {¶ 17} "In considering a manifest-weight claim, a court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way, and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Braden, 98 Ohio St.3d 354,2003-Ohio-1325, 785 N.E.2d 439, at ¶ 54.
 {¶ 18} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"`thirteenth juror'"' and disagrees with the factfinder's resolution of the conflicting testimony." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing Tibbs v. Florida (1982)457 U.S. 31, at 42.
 {¶ 19} In the case at bar, we have already determined that the city's evidence that defendant possessed drug paraphernalia was insufficient. And since Landbert's testimony is the only evidence relating to the drug paraphernalia charge, that same evidence does not support a conviction in violation of R.C. 2925.14 under a manifest weight analysis either. Accordingly, we conclude that defendant's conviction for possessing drug paraphernalia is against the manifest weight of the evidence.
 {¶ 20} Defendant argues that his conviction for driving under the influence of alcohol also is against the manifest weight of the evidence. In Ohio, the offense of driving under the influence of alcohol is codified in R.C. 4511.19, which provides, in part, as follows:
(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.
 {¶ 21} An officer may properly offer a lay opinion about a defendant's conduct at the scene. When providing such testimony, "the officer is a lay witness testifying as to whether an individual is intoxicated." Statev. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, syllabus. Under Evid.R. 701,[7] a lay witness can give opinion testimony if the opinion is rationally based on the perception of the witness and is helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Evid.R. 701.
 {¶ 22} In the case at bar, defendant refused to take a field sobriety test at the scene. Two officers, however, provided evidence of defendant's intoxication. Landbert testified that he smelled alcohol and detected defendant's slurred speech after he pulled him over. When fellow officer Robert Dunning arrived at the scene, he told defendant to sit in the back of Dunning's police cruiser. As he walked to the cruiser, Landbert observed that defendant had an unsteady gait and he was swaying. When defendant was removed from Dunning's vehicle, Landbert could see and smell was removed from Dunning's vehicle, Landbert could see and smell that defendant's pants were soaked with urine.
 {¶ 23} Another police officer, Jamie Lukas, was summoned to the police station to assist with an intoxilyzer test for defendant. Defendant, however, refused both a Breathalyzer and intoxilyzer test. Lukas, however, also smelled alcohol on defendant and observed his glassy, bloodshot eyes. From his twelve years' experience as a police officer, Lukas agreed with Landbert that defendant was under the influence of alcohol.
 {¶ 24} Defendant argues that the trial court failed to consider his explanation for his appearance and conduct the night he was arrested. He denies that he was under the influence of alcohol when he was stopped by Landbert. Instead, he says Landbert mistakenly thought he was drunk because of his urine-soaked pants and the smell of alcohol.
 {¶ 25} Defendant testified that he had urinated in his clothes just before he was pulled over by Landbert, not because he was drunk, but because he has an on-going bladder problem.
 {¶ 26} Defendant also explained why he smelled of alcohol. On the morning of January 6th, he had outpatient surgery at a local hospital. When he left the hospital at approximately 9:30 a.m., he went to a local bar where he met friends and had two or three beers. One of his friends bought him a whiskey, which he spilled on his clothes. Defendant argues that Landbert mistook his whiskey-soaked clothes as proof that he was under the influence of alcohol. Defendant did not present any witnesses, however, to alcohol. Defendant did not present any witnesses, however, to verify his account of why he smelled of alcohol.
 {¶ 27} According to defendant, his explanation about his appearance makes it just as likely that he was not under the influence of alcohol the night he was arrested. Therefore, defendant concludes that the state did not prove the offense of driving under the influence beyond a reasonable doubt. We disagree.
 {¶ 28} Viewing the trial transcript as a whole, as this court must under a manifest weight analysis, we find that the entirety of defendant's trial testimony undercuts his claim that he was not under the influence of alcohol when Landbert pulled him over. In large part, much of defendant's testimony is internally inconsistent, and, therefore, not credible. For example, defendant never offered any explanation or rebuttal for Landbert's and Lukas' observations about defendant's conduct before he was arrested.
 {¶ 29} Defendant testified that he went to a local grocery store at approximately 11:00 p.m. the night of the 6th and purchased bread and milk. Defendant could not explain, however, why, if he only purchased two items, he was not on his way home until almost two hours later.
 {¶ 30} When asked on cross-examination what happened to the two items he purchased that night, defendant did not know. Later, on redirect examination, defendant thought that the milk and bread might still be in his vehicle, though he was not certain. Finally, defendant explained that defendant explained that although he lived in the area where the grocery store was located, somehow, when he left the store, he ended up driving in the wrong direction. He also admitted that when he was stopped by Landbert he had been driving without his headlights on. These details challenge the credibility of defendant.
 {¶ 31} On appeal, defendant argues that if he were as intoxicated on the 7th as the city claims, Landbert's report would have recorded the smell of alcohol he described at trial. On cross-examination, Landbert stated that he did not know why defendant's alcohol odor was not in his report.
 {¶ 32} Landbert's failure to specifically note defendant's alcohol odor, however, is not dispositive on the issue of defendant's intoxication. The record shows that Landbert was never asked about the entire contents of his report nor was he ever shown that report to refresh his recollection of what he wrote. That Landbert may not have recorded defendant's alcohol odor does not mean that he did not otherwise note defendant's intoxication. As we have already concluded, Landbert's personal observations about defendant's condition are ample evidence of his intoxication.
 {¶ 33} After reviewing the entire record and weighing the evidence and all reasonable inferences, along with considering the credibility of the witnesses, we conclude that defendant's conviction for driving under the conviction for driving under the influence of alcohol is not against the manifest weight of the evidence. This part of defendant's second assignment of error is overruled.
 {¶ 34} Because we have determined that the evidence is insufficient to convict defendant of possessing drug paraphernalia, that conviction is hereby vacated and this matter remanded to the trial court for proceedings consistent with this opinion.
Judgment accordingly.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Village of Newburgh Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs.
 Corrigan, J., concurs in part and dissents in part with separateconcurring and dissenting opinion.
[1] Defendant was also convicted of improper lane change/weaving course, R.C. 4511.33 and unlighted lights, R.C. 4513.03. These convictions are not part of this appeal.
[2] R.C. 2925.14(C)(1) states the following:
No person shall knowingly use, or possess with purpose to use, drug paraphernalia.
[3] R.C. 2925.14(A) defines "drug paraphernalia" as follows:
Any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter.
[4] We further note that defendant fails to cite any authority for this proposition.
[5] A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
(2) The design of the procedure, test, or experiment reliably implements the theory;
(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
[6] Defendant was convicted under city ordinance 138.07(C)(1) which, like R.C. 2925.14(C)(1), requires the prosecutor to prove beyond a reasonable doubt that a defendant knowingly possessed drug paraphernalia with the purpose of ingesting an illegal drug.
[7] Evid.R. 701 states:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
 CONCURRING AND DISSENTING OPINION