OPINION
{¶ 1} Defendant-appellant Anthony M. Crowder appeals his conviction and sentence for one count of resisting arrest, in violation of R.C. § 2921.33(A), a misdemeanor of the second degree.
 {¶ 2} On July 15, 2007, Crowder was charged by complaint with one count of *Page 2 
obstructing official business, in violation of R.C. § 2921.31(A), a misdemeanor of the second degree, and one count of resisting arrest, in violation of R.C. § 2921.33(A), a misdemeanor of the second degree. At his arraignment on July 17, 2007, Crowder pled not guilty to each count.
 {¶ 3} Crowder filed a motion to suppress on July 20, 2007. On July 24, 2007, the trial court held a hearing regarding Crowder's motion to suppress. With the express consent of the parties, the court used the evidence adduced during the hearing on the motion to suppress as though it had been presented at trial. In light of the evidence presented during the motion to suppress hearing/bench trial, the court found Crowder not guilty of obstructing official business. The trial court, however, did find Crowder guilty of resisting arrest. The trial court sentenced Crowder to 90 days in jail, suspended 60 days of the sentence, and gave him jail time credit for the eleven (11) days he already served. Additionally, the trial court found that Crowder was indigent and suspended all costs associated with his prosecution. Crowder filed a timely notice of appeal with this Court on July 31, 2007.
 I {¶ 4} The incident that forms the basis of the instant appeal occurred on July 14, 2007, when Dayton Police Officer Christopher R. Cornwell was traveling down an alley located in the 1800 block of North Main Street in Dayton, Ohio. Upon observing Crowder walking in the opposite direction with what appeared to be an open beer in a paper bag, Officer Cornwell pulled his cruiser next to Crowder and asked him if the beer was open.
 {¶ 5} Officer Cornwell testified that Crowder told him "no" that the beer was not open, and he kept on walking in the same direction. Officer Cornwell then asked Crowder to show him that the alleged beer can was not open by turning the can upside down. At this point, *Page 3 
Crowder took off running down the alley in an apparent attempt to elude Officer Cornwell. Officer Cornwell pursued Crowder out of the alley into Fountain Street, where he observed the appellant throw the paper bag and its contents into the middle of the street. Officer Cornwell left his cruiser and began to chase Crowder on foot.
 {¶ 6} After being told to stop numerous times by Officer Cornwell, Crowder finally stopped running and turned around. Officer Cornwell testified that Crowder acted as if he wanted to fight him. Officer Cornwell then wrestled Crowder to the ground, but was unable to handcuff him. During the struggle, two additional police officers arrived at the scene and attempted to aid Officer Cornwell in subduing Crowder. Because Crowder refused to stop struggling, the officers were forced to use pepper spray and a Taser in order to subdue him. Officer Cornwell, as well as the other officers, testified that Crowder smelled strongly of alcohol when he was arrested. Subsequently, Crowder was arrested for obstruction of justice and resisting arrest, as well as cited for public intoxication and open container.
 {¶ 7} After a motion to suppress hearing/bench trial, the court found Crowder guilty of resisting arrest and not guilty of obstruction of justice. It is from his conviction and sentence for resisting arrest that Crowder now appeals.
 II {¶ 8} Crowder's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF RESISTING ARREST WHEN THERE WAS NO UNDERLYING ARRESTABLE OFFENSE."
 {¶ 10} In his sole assignment, Crowder contends that the trial court erred when it found *Page 4 
him guilty of resisting arrest because the State failed to adduce sufficient evidence at trial which established that he committed any underlying criminal offense that would support a lawful arrest under the specific facts of this case. Additonally, Crowder argues in his brief that his conviction was against the manifest weight of the evidence.
 {¶ 11} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." State v.McKnight, 107 Ohio St.3d 101,112, 837 N.E.2d 315, 2005-Ohio-6046. "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted). A claim that a jury verdict is against the manifest weight of the evidence involves a different test. `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. (Internal citations omitted).
 {¶ 12} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212. "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to *Page 5 
credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 13} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict.State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 14} R.C. § 2921.33(A) states in pertinent part:
 {¶ 15} "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 16} A "lawful arrest" is an element of the offense of resisting arrest, and the prosecution must prove beyond a reasonable doubt that the arrest allegedly resisted was lawful. State v. Dumas, Cuyahoga App. No. 89070, 2007-Ohio-5724. In determining the lawfulness of the arrest, a court need not find that the elements of the underlying charge have been proven, but there must exist a "reasonable basis" for the arrest.City of Dayton v. Myers (July 24, 1998), Montgomery App. No. 16699. Moreover, an arrest is lawful if it is made on probable cause.Id. "Generally, probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." 26 Ohio Jurisprudence 3d, Criminal Law, Section 646.
 {¶ 17} The facts in the instant case establish that while Officer Cornwell was patrolling the alleyway behind North Main Street, he observed Crowder walking in the opposite direction with what appeared to be an open alcoholic beverage in a paper bag. Officer Cornwell testified *Page 6 
that in his experience as a police officer, whenever he has encountered someone with a beverage in a paper bag, the beverage has almost always turned out to be alcohol. When Officer Cornwell asked Crowder if the beer was open, Crowder told him that it was not. Officer Cornwell then asked Crowder to show him the beer was not open by turning the container upside down. At this point, Crowder attempted to run away from Officer Cornwell. Officer Cornwell then repeatedly told Crowder to stop running. Even after Crowder stopped running, it required the effort of Officer Cornwell and two other police officers to subdue him. The fact that Crowder chose to run when questioned by Officer Cornwell provided the officer with a reasonable basis upon which to effect his arrest. If we were to agree with Crowder's argument, all an accused would have to do to avoid a citation for open container would be to run away from the police officer who is questioning him or her. Crowder's decision to run from Officer Cornwell, rather than simply accept his citation for open container, formed the basis for his subsequent lawful arrest. Thus, a review of the record convinces us that the State's evidence, taken in its entirety, was sufficient to sustain Crowder's conviction for the charged offenses.
 {¶ 18} Crowder's conviction is also not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony are matters for the jury to resolve. Crowder presented no evidence, and the trial court did not lose its way simply because it chose to believe the State's witnesses. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.
 {¶ 19} Crowder's sole assignment of error is overruled.
 III *Page 7 {¶ 20} Crowder's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1