[Cite as *Cleveland v. Coleman*, 2012-Ohio-3942.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97128

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## KATHY WRAY COLEMAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2008 CRB 034109

**BEFORE:** Celebrezze, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
By:     Kenneth R. Spiert
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077

Victor Perez
Chief Assistant City Prosecutor
Lorraine Coyne
Assistant City Prosecutor
City of Cleveland
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


**ALSO LISTED:**

Kathy Wray Coleman
3901 Silsby Road
University Heights, Ohio   44118

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Kathy Wray Coleman, appeals her conviction in the Cleveland Municipal Court for resisting arrest, in violation of Cleveland Municipal Ordinances 615.08. Having reviewed the record and pertinent law, we affirm appellant's conviction.

{¶2} On August 7, 2008, appellant appeared at the Cuyahoga County Common Pleas Court for a hearing in an unrelated foreclosure action. At the time of the foreclosure hearing, appellant had an outstanding warrant for her arrest in the Lyndhurst Municipal Court. At the conclusion of the foreclosure hearing, appellant asked the court if she could use the restroom and quickly exited the courtroom. However, rather than using the restroom, she began walking toward the courthouse service elevators. Before she could exit the building, Deputy Sheriff Eric Mullen and his partner asked her to "halt" and informed her that they had a warrant for her arrest. Appellant immediately ran from the deputies, and the deputies followed in pursuit.

{¶3} When appellant discovered that the door to the service elevators was locked, she attempted to run past the deputies, pushing one of them in the process. Eventually, the deputies were able to handcuff her as she shouted that the deputies were harassing her. As the deputies handcuffed her, she dropped to her knees and complained of chest pain. Deputy Mullen, a certified emergency medical technician, attempted to provide

medical aid, however, appellant resisted his assistance and was combative throughout the process. Eventually, appellant was transported to the hospital, where she was kept overnight for monitoring.

{¶4} On September 30, 2008, appellant was charged with resisting arrest, in violation of Cleveland Municipal Ordinances ("CMO") 615.08; making false alarms, in violation of CMO 605.07; obstruction of official business, in violation of CMO 615.06; and aggravated disorderly conduct, in violation of CMO 605.03(A).

{¶5} On May 8, 2009, a jury found appellant guilty of resisting arrest. On September 25, 2009, the trial court issued a capias order for her arrest when she failed to appear for sentencing. On June 28, 2011, the court sentenced appellant to 12 days of incarceration, with credit for time served, and a fine of $500, suspended.

{¶6} Appellant brings this timely appeal, raising five assignments of error for review.[1]

Law and Analysis

I.  Sufficiency and Manifest Weight

{¶7} In her first and second assignments of error, appellant contends that her conviction for resisting arrest was not supported by sufficient evidence and was against the manifest weight of the evidence.

---

[1] Appellant's assignments of error are included in the appendix to this opinion.

**{¶8}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

**{¶9}** A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Ponce*, 8th Dist. No. 91329, 2010-Ohio-1741, ¶ 17, citing *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). A reviewing court may reverse the judgment of conviction if it appears that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *Id.*

**{¶10}** In the case at hand, appellant was convicted of resisting arrest, in violation of CMO 615.08. To prove resisting arrest, the city was required to prove, pursuant to CMO 615.08, that appellant did recklessly or by force, resist or interfere with the lawful arrest of herself or another.

{¶11} In challenging the sufficiency of the evidence supporting her resisting arrest conviction, appellant's argument focuses on her belief that the city failed to present sufficient evidence that her underlying arrest was lawful beyond a reasonable doubt. Specifically, appellant submits that "[b]y failing to produce the purported bench warrant, the City failed to prove the legality of the arrest."

{¶12} "A 'lawful arrest' is an element of the offense of resisting arrest, and the prosecution must prove beyond a reasonable doubt that the arrest allegedly resisted was lawful." *State v. Dumas*, 8th Dist. No. 89070, 2007-Ohio-5724, ¶ 22, citing *State v. Gilchrist*, 4th Dist. No. 02CA26, 2003-Ohio-2601. An arrest is lawful when an officer who is invested with the power to perform an arrest is authorized by judicial warrant to make an arrest or, absent a warrant, possesses probable cause of a criminal violation sufficient to arrest the offender for it. *In re Rucker*, 2d Dist. No. 15739, 1997 Ohio App. LEXIS 6087, *6 (Dec. 31, 1997).

{¶13} Despite appellant's position to the contrary, we find that the city presented sufficient evidence to establish the legality of appellant's arrest. During its case in chief, the city introduced the Lyndhurst Municipal Court's June 20, 2008 journal entry that verified the existence of an outstanding judicial warrant for appellant's arrest at the time of her August 7, 2008 foreclosure hearing. The journal entry states, in relevant part:

> This case was docketed for pretrial and show cause hearing on June 20, 2008, at 10:00 a.m. * * * The Courtroom was observed from 10:00 a.m. to 10:26 a.m. for signs of the Defendant's appearance. The matter was called for hearing at 10:26 a.m. The Defendant made no appearance. This is the second time that the Defendant has not appeared for a duly scheduled

hearing. Therefore, it is the order of the Court that a bench warrant be issued for the arrest of the Defendant.

{¶14} At trial, Deputy Mullen identified the journal entry as the document he relied on to initiate appellant's arrest. Deputy Mullen testified that once he learned that appellant had a warrant for her arrest, he contacted the Mayfield Heights Police Department and verified the warrant. Furthermore, Deputy Mullen testified that he determined that appellant was the same "Kathy Coleman" identified in the journal entry before he initiated her arrest.

{¶15} Although the introduction of the arrest warrant itself would have been preferable, we are aware of no rule of procedure, evidence, or law that requires the prosecution to introduce a bench warrant into evidence under such circumstances as are presented here. Accordingly, we conclude that Deputy Mullen's testimony and the city's introduction of the Lyndhurst Municipal Court journal entry was sufficient to establish the legality of appellant's arrest. *See State v. Sanders*, 8th Dist. No. 97120, 2012-Ohio-1540, ¶ 19-20 (affirming the legality of defendant's arrest despite the state's failure to introduce the warrant into evidence).

{¶16} Alternatively, appellant contends that the failure to admit the warrant into evidence precluded the jury from determining whether the arrest was made in conformance with Crim.R. 4. Appellant alleges that the deputies did not advise her that there was a warrant, give her a copy of the warrant, or advise her of the offense charged in the warrant. *See* Crim.R. 4(C)(1); Crim.R. 4(D)(3) and (4).

**{¶17}** We note that appellant failed to challenge the deputies' compliance with Crim.R. 4 at trial. Failure to raise an issue at trial acts as a waiver of the issue on appeal except for plain error. *Cleveland v. Ellsworth*, 8th Dist. No. 83040, 2004-Ohio-4092.

**{¶18}** Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The standard for noticing plain error is set forth in *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240:

> By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. (Citations omitted.)

**{¶19}** An error that satisfies these three limitations may be corrected by the appellate court. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶20}** Given the circumstances of appellant's arrest, we find it to be disingenuous to argue that the deputies failed to strictly comply with the provisions of Crim.R. 4. The record reflects that before the deputies had the opportunity to explain the nature of the warrant to appellant, she attempted to flee the scene and subsequently experienced chest pains that required immediate medical attention. Accordingly, we are unable to find

plain error because any deficiencies in the deputies' strict compliance with Crim.R. 4 were created by appellant's actions.

**{¶21}** Next, appellant argues that the city failed to present sufficient evidence of resistance.[2] Specifically, she contends that her arrest did not occur until the moment the deputies initiated physical contact with her and that, from that point forward, she was compliant. Thus, appellant submits that her evasive behavior prior to the deputies' initiation of contact cannot constitute the basis for her resisting arrest conviction. We disagree.

**{¶22}** "Arrest" means "'to stop or stay, as signifies a restraint of a person.'" *State v. Darrah*, 64 Ohio St.2d 22, 26, 412 N.E.2d 1328 (1980), quoting *State v. Barker*, 53 Ohio St.2d 135, 139, 372 N.E.2d 1324 (1978). "An arrest occurs when the following four requisite elements are involved: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *Id.*

**{¶23}** In this case, Deputy Mullen and his partner had a purpose to take appellant into custody; they were acting on a warrant. They also had the authority; they were in full uniform and had properly identified themselves as deputy sheriffs. Deputy Mullen testified that when he encountered appellant in the courthouse hallway, his partner immediately told appellant to "halt, we have a warrant for your arrest." The fact that

---

[2] Appellant raises this argument as a challenge to the manifest weight of the evidence. However, based on the arguments raised in appellant's brief, we address this issue as if it challenges the sufficiency of the evidence.

appellant fled despite hearing that command suggests that she understood that they were there to seize or detain her. The only issue presented is when the "actual or constructive seizure or detention of her person" took place because that will inform as to whether appellant resisted arrest.

{¶24} "Resisting," as it is used for a charge of resisting arrest, is not limited to situations involving active force; it can also include a reckless act. *See* CMO 615.08. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶25} In *State v. Hicks*, 9th Dist. No. 24708, 2011-Ohio-2769, ¶ 18-19, the Ninth District determined that delaying an arrest by preventing the seizure or detention of a person may constitute resisting arrest because it constitutes reckless resistance. *Id.*, citing *State v. Thomas,* 9th Dist. No. 2910, 1995 Ohio App. LEXIS 397, at *5 (Feb. 1, 1995). By committing an act giving rise to the delay, a person may be proceeding with heedless indifference to the consequences and disregarding a known risk that his conduct will prevent arrest. *Id.*

{¶26} Here, Deputy Mullen testified that once appellant failed to adhere to the command to stop, he and his partner pursued her. At that time, appellant suddenly ran toward the deputies and attempted to push them out of her way. Deputy Mullen stated that appellant was like "a rushing linebacker" trying to knock them down.

{¶27} On consideration of the totality of the circumstances, we find that appellant's actions were taken with heedless indifference to the consequences and disregarded a known risk that her conduct was delaying the deputies' attempt to seize or detain her. Deputy Mullen's testimony, coupled with appellant's statement during her cross-examination that she attempted to quickly exit the courthouse because she believed she was going to be arrested, was sufficient to convince a rational trier of fact that appellant recklessly resisted or interfered with her arrest.

{¶28} Based on the foregoing, we find that the city presented sufficient evidence to sustain appellant's resisting arrest conviction.

{¶29} Furthermore, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). We recognize that appellant adamantly denied the allegations that she resisted her arrest. In fact, appellant maintained throughout the trial that she was the victim of a violent attack. However, the jury, as trier of fact, was in the best position to assess the credibility of the witnesses and was free to believe Deputy Mullen's testimony that appellant resisted arrest, despite appellant's allegations to the contrary. The jury heard all of the testimony at issue, including the conflicting testimony of appellant and Deputy Mullen, and made a determination that Deputy Mullen was more credible.

**{¶30}** Deferring to the trial court's assessment of the credibility of the witnesses, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in finding appellant guilty of resisting arrest.

**{¶31}** Appellant's first and second assignments of error are overruled.

## II. Admission of Other Acts Evidence

**{¶32}** In her third assignment of error, appellant argues that she was denied her constitutional right to a fair trial based on the trial court's errors in permitting the state to introduce prejudicial information into evidence, in violation of the Ohio Rules of Evidence.

**{¶33}** We review a trial court's decision regarding the admission of such evidence under an abuse of discretion standard. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus. "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶34}** Initially, appellant complains that the trial court erred in permitting the city to introduce impermissible "other-acts evidence." Appellant contends that the city improperly introduced unfairly prejudicial other acts evidence when it cross-examined her about a previous incident she had at the Lyndhurst Municipal Court in which an EMS team was called to assist her with her blood-pressure problem and she eventually exited the ambulance and ran away. Appellant did not object to this testimony, thereby waiving

all but plain error. Crim.R. 52(B); *State v. Hornschemeier*, 1st Dist. No. C-110466, 2012-Ohio-2860, ¶ 29.

**{¶35}** Generally, in a criminal prosecution, the state is not permitted to present evidence of other crimes or acts to prove that the defendant acted in conformity with her bad character. *Id.* However, Evid.R. 404(B) and R.C. 2945.59 allow evidence of other bad acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *Id.*

**{¶36}** In response to appellant's arguments regarding the city's introduction of other acts evidence, the city submits that any potential error associated with the discussion of appellant's past bad acts was harmless. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded"). In this case, we agree.

**{¶37}** Even where the admission of evidence is erroneous, the error is harmless where there is overwhelming evidence of the defendant's guilt. *State v. Williams*, 6 Ohio St.3d 281, 452 N.E.2d 1323 (1983), paragraph six of the syllabus. Here, the city prosecutor's discussion of appellant's previous experience at the Lyndhurst Municipal Court was intended to bolster the city's allegations that appellant made false alarms in violation of CMO 605.07. Ultimately, appellant was found not guilty on that charge, and the potentially prejudicial other acts evidence did not affect her resisting arrest conviction. As discussed, appellant's resisting arrest conviction was supported by evidence relating to her reckless attempt to delay her seizure. Thus, evidence relating to

appellant's propensity to feign illness was irrelevant to her resisting arrest conviction. Accordingly, any potential error associated with the introduction of the other acts evidence was harmless.

{¶38} Additionally, appellant contends that the trial court erred to her prejudice in permitting the prosecutor to personally vouch for the truthfulness of the city's witnesses during closing arguments. Appellant submits that the prosecuting attorney's statements rose to the level of prosecutorial misconduct.

{¶39} In reviewing allegations of prosecutorial misconduct, the test is whether the conduct is improper and whether the conduct prejudicially affected the substantial rights of the accused. *State v. Guade*, 10th Dist. No. 11AP-718, 2012-Ohio-1423, ¶ 20, citing *State v. White*, 82 Ohio St.3d 16, 22, 1998-Ohio-363, 693 N.E.2d 772. "'[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" (Citation omitted.) *State v. Wilkerson*, 10th Dist. No. 01AP-1127, 2002-Ohio-5416, ¶ 38. Therefore, prosecutorial misconduct will not be grounds for reversal unless the accused has been denied a fair trial. *State v. Maurer*, 15 Ohio St.3d 239, 266, 473 N.E.2d 768 (1984).

{¶40} In general, prosecutors are given considerable latitude in opening statements and closing arguments. *State v. Ballew*, 76 Ohio St.3d 244, 255, 667 N.E.2d 369 (1996). Additionally, both parties are entitled to latitude in responding to the arguments made by opposing counsel, therefore a prosecutor is entitled to rebut statements made by defense counsel in closing arguments. *State v. Isreal*, 12th Dist. No. CA2010-07-170,

2011-Ohio-1474, ¶ 62. In closing argument, a prosecutor may comment on "'what the evidence has shown and what reasonable inferences may be drawn therefrom.'" *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82, 263 N.E.2d 773 (1970). However, a prosecutor may not express his personal belief or opinion as to the credibility of a witness, the guilt of an accused, or allude to matters that are not supported by admissible evidence. *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984).

{¶41} If the accused or his counsel failed to object to the comment, he has forfeited all but plain error. *State v. Williams*, 79 Ohio St.3d 1, 12, 679 N.E.2d 646 (1997). Reversal for prosecutorial misconduct is warranted under the plain error standard if it is clear that the accused would not have been convicted without the improper conduct. *State v. Saleh*, 10th Dist. No. 07AP-431, 2009-Ohio-1542, ¶ 68.

{¶42} Here, appellant failed to raise objections to the complained of portions of the prosecutor's closing arguments and has waived all but plain error. The record reflects that during closing arguments, the prosecution discussed the testimony of Cuyahoga County Common Pleas Court staff attorney, Erin O'Malley, who testified that she heard screams coming from the courthouse hallway after appellant's foreclosure hearing ended. Appellant complains that the prosecutor's statement, "she told you the truth," at the conclusion of the summarization of O'Malley's testimony was improper.

{¶43} We find that the above challenge to the prosecutor's closing argument fails to satisfy the prosecutorial misconduct standard. The prosecutor's summarization of

O'Malley's testimony, including her testimony that she heard someone screaming while she was inside the courtroom, did not exceed the prosecutor's ability to comment on what the evidence has shown and what reasonable inferences may be drawn therefrom.

{¶44} Considering the latitude granted to prosecutors, and our review of the entire record, we find that the prosecutor was not attempting to express her personal opinion regarding O'Malley's credibility. Rather, the prosecutor was merely rebutting defense counsel's statements during closing argument regarding O'Malley's inability to hear screaming while she was inside the courtroom. As such, the prosecutor's comments were not improper and would not have changed the outcome of appellant's trial.

{¶45} Likewise, appellant submits that the prosecutor argued at length regarding matters outside the record, including references to "the overtime that was probably paid to people because their hours got extended" and to "other people who may have needed an emergency vehicle that didn't get it." On consideration of the prosecutor's closing argument in its entirety, we are unable to conclude that the outcome of appellant's resisting arrest conviction would have been different absent the statements regarding the potential collateral effects of appellant's alleged feigned heart condition.

{¶46} Accordingly, appellant's third assignment of error is overruled.

### III. Privilege from Arrest

{¶47} In her fourth assignment of error, appellant argues that the trial court committed prejudicial error and violated her due process rights by refusing to find that she was privileged from arrest under R.C. 2331.11.

**{¶48}** R.C. 2331.11 grants privilege from arrest to witnesses while going to, attending, or returning from court. However, the privilege granted to witnesses by R.C. 2331.11 relates only to civil arrest while going to, attending, or returning from court, and such sections do not privilege witnesses from arrest for crimes or misdemeanors at such times. *See State v. Wright*, 10th Dist. No. 03AP-470, 2004-Ohio-677, ¶ 6, citing *Akron v. Mingo*, 169 Ohio St. 511, 160 N.E.2d 225 (1959), at syllabus.

**{¶49}** Despite appellant's argument to the contrary, the warrant issued for her arrest was criminal in nature. The record reflects that the arrest warrant issued by the lower court was predicated on appellant's underlying misdemeanor charges pending in the Lyndhurst Municipal Court for petty theft. Therefore, appellant's arrest did not fall under the privilege from civil arrests granted in R.C. 2331.11.

**{¶50}** Appellant's fourth assignment of error is overruled.

IV. Admission of Photocopied Document

**{¶51}** In her fifth assignment of error, appellant argues that the trial court abused its discretion by permitting the city to introduce into evidence a photocopy of a certified copy of the Lyndhurst Municipal Court's June 20, 2008 journal entry. Appellant contends that the photocopied document was not properly authenticated in accordance with the Rules of Evidence.

**{¶52}** As previously stated, the admission and exclusion of evidence is within the sound discretion of the trial court. *State v. Mays*, 108 Ohio App.3d 598, 671 N.E.2d 553 (8th Dist.1996).

**{¶53}** Evid.R. 1003 governs the admissibility of duplicates and states: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

**{¶54}** In the present case, the trial court correctly found that there was no genuine issue as to the authenticity of the original journal entry. The document was generated by the Lyndhurst Municipal Court and therefore constituted a certified public record that was self-authenticated pursuant to Evid.R. 902(4). Furthermore, appellant does not aver that the information contained in the photocopied document is inaccurate or altered from the original. Hence, we cannot say that the trial court abused its discretion in admitting the duplicated document into evidence. *See State v. Pisarkiewicz*, 9th Dist. No. 2996-M, 2000-Ohio-6609, *6, citing *Akron v. Martin*, 9th Dist. No. 17286, 1996 Ohio App. LEXIS 32, *4 (Jan. 10, 1996) (finding that a facsimile copy of a municipal court record complied with the requirements of Evid.R. 902).

**{¶55}** Appellant's fifth assignment of error is overruled.

**{¶56}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR

APPENDIX

Appellant's Assignments of Error:

I.      Ms. Coleman's conviction for resisting arrest is not supported by sufficient evidence because the City failed to establish that the arrest was made on the authority of a valid arrest warrant or in the manner prescribed by Ohio Criminal Rule 4. Thus, her conviction and sentence violate Ms. Coleman's right to due process under the Ohio and United States Constitutions.

II.     Ms. Coleman's conviction for resisting arrest is against the manifest weight of the evidence, because the City failed to prove that she resisted the arrest, and the jury lost its way as to that element under Cleveland Municipal Code section 615.08(a).

III.    The City's presentation of unfairly prejudicial other acts evidence and its misconduct in closing arguments was so egregious that it denied Ms. Coleman a fair trial and deprived her of the due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution.

IV.     The trial court committed prejudicial error and violated Ms. Coleman's due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution by refusing to find that she was privileged from arrest under R.C. 2331.11.

V.      The trial court committed prejudicial error and violated Ms. Coleman's due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution by overruling her objection to Plaintiff's

Exhibit 1 and allowing the jury to consider an unauthenticated exhibit to establish proof of an element of the offense, i.e., that the arrest was legal.