ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Plaintiff-appellant, the State of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that granted a motion to suppress in favor of defendant-appellee, Nemon Hobbs ("Hobbs"). Finding error in the proceedings below, we reverse and remand.
 {¶ 2} On July 30, 2004, at approximately 8 p.m., Cleveland police officers Yasenchack and Graves ran the plate of a GMC Yukon with dark tinted windows. Because the plate came back registered to a 1992 Buick, the officers initiated a traffic stop. The officers approached the vehicle and spoke with the driver, Hobbs. Officer Yasenchack immediately recognized the smell of burnt marijuana emanating from the vehicle. Hobbs was asked to exit the vehicle in order to investigate the vehicle for drugs. Hobbs was patted down for officer safety, and one round from a nine millimeter handgun was found in his right front small pocket; he was placed in the back of the zone car.
 {¶ 3} The officers returned to the vehicle and saw a burnt marijuana cigarette in a cup by the passenger seat near the front console and a baggie with marijuana residue. Hobbs was placed under arrest for transporting drugs in a motor vehicle, a misdemeanor of the first degree under the Cleveland Codified Ordinances.
 {¶ 4} Officer Yasenchack testified that the police officers began an inventory search of the vehicle. During their search, officers recovered a gun holster in the backseat and discovered that the console was locked. Officer Yasencheck asked Hobbs if he had a key to the console, and he responded that he did not have a key because he just bought the car. Hobbs was searched again, and the console key was found in his left shoe. The officer unlocked the console and found a loaded nine millimeter handgun with ten live rounds in the clip.
 {¶ 5} Hobbs was indicted for improperly handling a firearm in a motor vehicle, a felony of the fifth degree. Hobbs filed a motion to suppress, which was granted.
 {¶ 6} The state appeals, advancing one assignment of error for our review, which reads as follows:
 {¶ 7} "The trial court erred when it suppressed evidence based on officer's action of retrieving a key from the defendant's shoes after the defendant was arrested."
 {¶ 8} At a hearing on a motion to suppress, the trial court functions as the trier of fact, inasmuch as the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of the witnesses. Statev. Mills (1992), 62 Ohio St.3d 357. On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris
(1994), 98 Ohio App.3d 543, 546. After accepting such factual findings, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. State v. Lloyd (1998), 126 Ohio App.3d 95.
 {¶ 9} In this case, the trial court suppressed the gun because the key was not readably accessible and Hobbs did not consent to the search of his shoes. The trial court stated:
"So it's clear the stop is fine.[1] I don't have any problem with the stop. And I actually don't have any problem — I wouldn't have any problem with the unlocking of the glove compartment had the keys been readily available to the officer, because I think that if the keys are readily available to the officer without going through the search of his shoes that would have been appropriate.
"We have no plain view. We have no consent. I mean, the officer's not saying that the man consented and handed him the key. He's saying he got the key out of the shoe when he told him to take his shoes off. There's no imminent danger to public or police. And there is no prima facia crime of possessing a gun. Possession of a gun isn't always a crime. So I agree with the defense.
I think the suppression is appropriate."
 {¶ 10} According to the testimony of Officer Yasenchack, Hobbs was placed under arrest after the officers observed the burnt marijuana cigarettes in his truck. He was arrested for "[i]t's called — it has two names: transporting drugs in a motor vehicle, or use of a motor vehicle to solicit drug sales," a misdemeanor of the first degree under the Cleveland Codified Ordinances. On the case information form in the trial court file is the relevant code section, 619.23(c), which provides: "No person, while operating a vehicle, or while a passenger in or on a vehicle, shall knowingly obtain, possess, or use a controlled substance contrary to Section 607.03."
 {¶ 11} Hobbs was under lawful arrest because misdemeanors committed in the presence of a police officer are arrestable offenses pursuant to R.C. 2935.03.
 {¶ 12} After Hobbs was lawfully arrested, a subsequent search of his person incident to that arrest was reasonable for Fourth Amendment purposes. State v. Putnam (Oct. 11, 2001), Cuyahoga App. No. 78686, citing Chimel v. California (1969),394 U.S. 752. Unlike a pat-down search incident to an investigative stop, a full search incident to lawful custodial arrest is not limited.State v. Bush (1989), 65 Ohio App.3d 560, 562, citing State v.Mathews (1976), 46 Ohio St.2d 72. Since a custodial arrest is based upon probable cause and considered a reasonable intrusion under the Fourth Amendment, the authority to search, based upon the need to disarm and discover evidence, does not depend on what a court might later determine was the possibility in a particular arrest situation that weapons or evidence would, in fact, be found on the person. Id. As to the scope of the search, the police may conduct a full search of an arrestee's person. Statev. Johnson, Cuyahoga App. No. 84282, 2005-Ohio-98, citingGustafson v. Florida (1973), 414 U.S. 260; United States v.Robinson (1973), 414 U.S. 218; State v. Ferman (1979),58 Ohio St.2d 216.
 {¶ 13} Here, Hobbs was arrested, patted down, and placed in the zone car; he was already under arrest when the police made a second, more thorough, search of him. Because he was under arrest, his expectation of privacy was greatly reduced. State v.Tucker, Franklin App. No. 00AP-670, 2002-Ohio-3274, citingUnited States v. Burnette (1983), 698 F.2d 1038, and UnitedStates v. Edwards (1974), 415 U.S. 800. "Once a person is under arrest, `officers may perform a full search of an arrestee's person regardless of the offense prompting the arrest.'"Putnam, supra, quoting State v. Jones (2000),88 Ohio St.3d 430, 439. Since Hobbs was under arrest, the police had the right to conduct a full search of his person, which includes anything in his immediate control, including his shoes. See Chimel,
supra.
 {¶ 14} Next, we turn to the opening of the locked console in the car, which may be analyzed under two exceptions to the warrant requirement, the automobile exception and the inventory search exception.
 {¶ 15} It is well settled that a warrantless search of an automobile is constitutional if there is probable cause to believe that a vehicle is carrying evidence of a crime. State v.McCoy (1996), 117 Ohio App.3d 29, citing Michigan v. Thomas
(1982), 458 U.S. 259. See, also, State v. Alexander, Cuyahoga App. No. 83848, 2004-Ohio-3735. When probable cause is found to exist under the facts and circumstances of a given case, law enforcement officers have the necessary constitutional justification to explore any areas in the vehicle, such as locked trunks and glove compartments, that may reasonably contain the object of their search. Id., citing State v. Baker (Jan. 30, 1987), Hamilton App. No. C-860017.
 {¶ 16} In a similar case, State v. Caldwell (Nov. 27, 1995), Warren App. No. CA95-05-046, the defendant was pulled over for a traffic violation. The trooper approached the vehicle and saw smoke and smelled freshly burnt marijuana. The driver/defendant was asked to exit the vehicle, patted down, and questioned regarding the marijuana. The defendant admitted that he had a couple of burnt marijuana cigarettes in the ashtray and one on the seat. The trooper entered the vehicle and observed the marijuana. The trooper also noted that the glove compartment was locked. When asked, the defendant told the trooper that he just got the car and did not have a key to the glove compartment. The key, however, was found on the driver's side of the vehicle along the floor rail between the seat well and the door, along with more marijuana. The trooper opened the glove compartment and found a loaded nine millimeter handgun. The defendant was placed under arrest for carrying a concealed weapon. Id.
 {¶ 17} In Caldwell, the defendant's motion to suppress was granted and the state appealed. The appellate court ruled that the warrantless search of the vehicle was constitutional because the trooper had probable cause to believe that the defendant's vehicle contained drugs. The court noted that only after finding the marijuana did the trooper look into the glove compartment. Id.
 {¶ 18} In the instant case, the officers smelled burnt marijuana, Hobbs was removed from the vehicle, and the officers searched the vehicle and found a burnt marijuana cigarette and a plastic baggie with marijuana residue in a cup near the console, which was locked. When asked, Hobbs stated that he did not have a key to the console because the truck was new. The key, however, was recovered after a thorough search of his person. The police unlocked the console and discovered a loaded nine millimeter handgun.
 {¶ 19} The warrantless search of Hobbs' vehicle was constitutional because the officers had probable cause to believe that Hobbs' vehicle contained drugs. Therefore, the evidence should not have been suppressed.
 {¶ 20} Alternatively, inventory searches are a well-defined exception to the warrant requirement. State v. Mesa (1999),87 Ohio St.3d 105, 108, citing Colorado v. Bertine (1987),479 U.S. 367. Inventory searches involve administrative procedures conducted by law enforcement officers and are intended to protect an individual's property while it is in police custody, protect police against claims of lost, stolen or vandalized property, and protect police from dangerous instrumentalities. Id. at 109, citing South Dakota v. Opperman (1976), 428 U.S. 367, 369. Because inventory searches are unrelated to criminal investigations, probable cause is not implicated, but rather the validity of the search is judged by the reasonableness standard. Id.
 {¶ 21} An inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedures or established routine. Id. "[L]ike glove compartments, consoles are `a place of temporary storage of valuables,' and they are areas of a vehicle that are normally part of a standard inventory search." Id. (internal citations omitted).
 {¶ 22} A copy of the Cleveland Police Department's tow policy was not entered into evidence; however, such documentary evidence is not essential to establish the validity of the inventory search. State v. Earley, Montgomery App. No. 191961, 2002-Ohio-4112; see, also, State v. Semenchuk (1997),122 Ohio App.3d 30; State v. Gordon (1994), 95 Ohio App.3d 334. In the instant case, the officer testified that as part of their inventory search procedure, the police open a locked compartment if they have access to a key. See State v. Earley, Montgomery App. No. 191961, 2002-Ohio-4112 (finding officer's testimony "that the policy permits not opening those items only if they cannot be opened and no key is available" sufficient.) Accordingly, we find that the inventory search was conducted in good faith and in accordance with standard procedure.
 {¶ 23} In conclusion, this court finds that the search of Hobbs' shoe was part of a search incident to lawful arrest and the search of the locked console, whether by inventory search or the automobile exception, was constitutional. See, also, Statev. Graham (Aug. 2, 1995), Licking App. No. 94 CA 65 (holding that once a lawful arrest was made, the search of an automobile was justified under either of two independent exceptions to the search warrant requirement, i.e., an inventory search and/or the automobile exception). Therefore, the court erred in granting the motion to suppress.
 {¶ 24} The state's sole assignment of error is sustained.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.
[1] We have previously held that a police officer does not need a reasonable articulable suspicion to conduct a random check of a license plate. State v. Alexander, Cuyahoga App. No. 83848, 2004-Ohio-3735; see, also, State v. Rendina, Lake App. No. 2001-L-199, 2002-Ohio-3582; State v. Freeman, Trumbell App. No. 2001-T-0008, 2002-Ohio-1176; Rocky River v. Saleh (2000),139 Ohio App.3d 313.