[Cite as *State v. Jackson*, 2018-Ohio-2131.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105541**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LEON D. JACKSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609380-A

**BEFORE:** E.T. Gallagher, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 31, 2018

-i-

**ATTORNEY FOR APPELLANT**

J. Philip Calabrese
Porter Wright Morris & Arthur, L.L.P.
950 Main Avenue, Suite 500
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Andrew T. Gatti
Anne Kiran Mikhaiel
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113




EILEEN T. GALLAGHER, P.J.:

{¶1} Leon D. Jackson ("Jackson") appeals his aggravated robbery conviction and the trial court's denial of his motion to suppress, and assigns the following errors for our review:

I.      The jury's unanimous acquittal of defendant on two firearm specifications is inconsistent with a finding of guilt for aggravated robbery, which requires having a deadly weapon.

II.     Defendant's federal and state constitutional rights against unreasonable searches and seizures were violated, requiring exclusion of the fruits of those violations at a new trial.

III.    The trial court erred when it denied defendant's motion for acquittal under Crim.R. 29 because the state failed to present evidence to establish the elements of aggravated robbery beyond a reasonable doubt.

IV.    Defendant received ineffective assistance of counsel, requiring a new trial at which he receives representation by the counsel guaranteed by the Sixth Amendment and Ohio law.

{¶2} Upon review of the record, we find no merit to the appeal and affirm Jackson's convictions.

## I.    Facts and Procedural History

{¶3} On the night of August 22, 2016, Jackson and his codefendant Ronzell Haynesworth were at Jack Casino in downtown Cleveland watching Ramzi and Sabrino Hasanain ("the victims") win money gambling. Jackson and Haynesworth waited for the victims to get their car from the valet, got into a Mazda that Jackson had borrowed from a friend, and followed the victims to their home in North Olmsted. Haynesworth robbed the victims in their driveway using either a gun or a cell phone (with the purpose to make the victims believe it was a gun) to hit Ramzi in the face several times. Jackson acted as the getaway driver. According to the victims, the offenders took $6,500 cash.

{¶4} Jackson was indicted for one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with firearm specifications. On January 9, 2017, the court held a suppression hearing on the following issues: whether Jackson's arrest warrant was legally sufficient; and whether the search of the car Jackson was driving violated the Fourth Amendment. The court denied the motion, and the case went to a jury trial the same day.

{¶5} On January 13, 2017, the jury found Jackson guilty of aggravated robbery,[1] but acquitted him of the firearm specifications. On February 9, 2017, the court sentenced Jackson to eight years in prison.

---

[1]Jackson was also found guilty of aggravated robbery in violation of R.C. 2911.01(A)(3), which, according to the trial court docket, was "the additional count at trial under Criminal Rule 6(D)." The offenses merged for sentencing, and this issue is not before the court on appeal.

## II. Law and Analysis

### A. Inconsistent verdicts

{¶6} The victims in the case at hand testified that Haynesworth hit Ramzi "with a gun." Haynesworth, who testified for the state, said he did not have a gun but that he hit Ramzi with a cell phone.

{¶7} Jackson argues that it is "facially inconsistent and contradictory" to be convicted of aggravated robbery with a deadly weapon, yet acquitted of the firearm specification. The jury in this case found that the state did not prove beyond a reasonable doubt that Haynesworth, and by extension on a complicity theory, Jackson, either had or brandished a firearm during the robbery.

{¶8} This argument has been consistently rejected by this court. "We have repeatedly held that a not guilty verdict with regard to a firearm specification is not inconsistent with a guilty verdict for aggravated robbery." *State v. Williams*, 8th Dist. Cuyahoga No. 95796, 2011-Ohio-5483, ¶ 41. *See also State v. Fair*, 8th Dist. Cuyahoga No. 89653, 2008-Ohio-930, ¶ 23-26; *Browning v. State*, 120 Ohio St.62,71, 165 N.E. 566 (1929) ("[E]ach count of an indictment charges a complete offense * * *[.] [T]he separate counts of an indictment are not interdependent, but are, and necessarily must be, each complete in itself * * *").

{¶9} Jackson's first assignment of error is overruled.

### B. Motion to suppress

{¶10} Jackson first argues that, after finding that the complaint upon which the arrest warrant was issued lacked probable cause, the court erred by applying the good-faith exception to the exclusionary rule. Second, Jackson argues that the warrantless search of the car he was driving at the time of the crime was unreasonable.

{¶11} The state, on the other hand, argues that the arrest warrant was valid. Furthermore, the state argues that a) Jackson does not own the car, and therefore, he has no standing to challenge the search of the vehicle; and b) The search of the car was based on exigent circumstances, because the investigation was ongoing at the time of the search.

{¶12} This court reviews a decision on a suppression motion under a mixed standard of review. "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). Therefore, a reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Accepting the facts as true, the reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. *Id*. An appellate court reviews the trial court's application of the law to its factual findings under a de novo standard. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 100.

{¶13} Warrantless searches based on probable cause are per se unreasonable, unless they fall within one of the well-established exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

## 1. Good-faith exception to the exclusionary rule

{¶14} Generally, the exclusionary rules states evidence obtained from illegal searches and seizures is inadmissible in court. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**{¶15}** "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring v. U.S.*, 555 U.S. 135, 144, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009).

**{¶16}** "The good-faith exception to the exclusionary rule provides that the exclusionary rule should not be applied to bar use of evidence obtained by officers acting in an objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but found to be unsupported by probable cause." *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.2d 993, ¶ 29.

> Thus, the purpose of a complaint or affidavit is to set forth sufficient information to enable the decisionmaker to personally determine from the facts whether it is likely that an offense has been committed by the named individual. A mere conclusory statement that the person whose arrest is sought has committed a crime is insufficient to justify a finding of probable cause.

*Id*. at ¶ 14.

**{¶17}** North Olmsted Police Detective Michael Gasdick testified that he interviewed the victims, who gave a description of Haynesworth, and spoke with casino personnel. The casino informed the detective that Jackson and Haynesworth, who were identified by their "frequent customer casino cards," were on surveillance video following the victims around the casino on the night of the robbery. There was also video of the car used in the robbery leaving the casino, with Jackson driving and Haynesworth in the passenger seat. The detective confirmed Jackson and Haynesworth's identities via several databases, including the Bureau of Motor Vehicles.

**{¶18}** Using this information, the detective completed an affidavit, a warrant request, and a probable cause checklist, and obtained an arrest warrant for Jackson and Haynesworth. These

documents identify Jackson, but merely state that he committed an aggravated robbery. Jackson was arrested on August 29, 2016, at the same casino where he and Haynesworth "cased" the victims. The keys to the Mazda used in the crime were found in Jackson's pocket. The police had the car towed from the casino parking garage to the station and an inventory search was conducted. In the trunk of the car, the police found the black "hoodie," with unique markings on it, that Haynesworth was wearing during the robbery.

{¶19} In denying Jackson's motion to suppress, the court found that, although the affidavit, warrant request, and checklist did not establish probable cause with specificity, the detective obtained the warrant in good faith because he interviewed the victims and casino personnel, and viewed the surveillance video identifying Jackson. The court also found that "exclusion of any evidence in this case would not serve the purpose of the exclusionary rule," because there was no police misconduct. *See State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 97, quoting *Michigan v. Tucker*, 417 U.S. 433, 447, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974) ("The exclusionary rule should not be applied when 'the official action was pursued in complete good faith' because it would have no deterrent effect").

{¶20} We agree with the trial court and find that, in line with *Hoffman*, the police acted in good faith when arresting Jackson.

### 2. Warrantless search of the vehicle

{¶21} As to the search of the rental vehicle, "[i]t is well settled that a warrantless search of an automobile is constitutional if there is probable cause to believe that a vehicle is carrying evidence of a crime." *State v. Hobbs*, 8th Dist. Cuyahoga No. 85889, 2005-Ohio-3856, ¶ 15. In *Hobbs*, this court found that the trial court erred in granting a motion to suppress, after the police found a gun in the locked center console of Hobbs's car. Police opened the console with

a key they found hidden in Hobbs's shoe. "[T]he search of Hobbs' shoe was part of a search incident to lawful arrest and the search of the locked console, whether by inventory search or the automobile exception, was constitutional." *Id.* at ¶ 23.

{¶22} In the case at hand, Jackson was seen on video leaving the casino in a Mazda. The police were able to view the make and model of the vehicle and the number on the New York license plates, as well identify Jackson as the driver. Furthermore, the victims identified the same vehicle as the getaway car used in the aggravated robbery. When the police arrested Jackson, he had the keys to the Mazda in his pocket.

{¶23} In applying *Hobbs,* we find that the warrantless search of the automobile in this case was justified. Accordingly, Jackson's second assignment of error is overruled.

### C. Crim.R. 29

{¶24} A Crim.R. 29 motion challenges the sufficiency of the evidence. Upon review, an appellate court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 79 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

{¶25} In the case at hand, Jackson first argues that "for reasons already explained, the jury's verdict on the firearm specifications necessarily means that the state failed to prove beyond

a reasonable doubt that a deadly weapon was used in the commission of the offense and that the deadly weapon was a firearm as charged in the indictment."

{¶26} Jackson next argues that "[w]ithout the fruits of the unlawful searches and seizures that violated Mr. Jackson's rights, the only evidence placing Mr. Jackson in North Olmsted in the early morning hours of August 23, 2016 came from the testimony of Haynesworth."

{¶27} Aggravated robbery is defined in R.C. 2911.01(A)(1) as follows: "No person, in * * * committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it * * *."

{¶28} Upon review, we find that Jackson's conviction is supported by sufficient evidence in the record. Haynesworth testified that Jackson was driving the car used in the robbery. Haynesworth and Jackson are seen on surveillance video "casing" the victims in the casino and leaving the casino in the Mazda. Furthermore, the victims testified that Haynesworth had a gun in his right hand during the robbery. This evidence is sufficient to show aggravated robbery.

{¶29} Jackson's third assignment of error is overruled.

### D. Ineffective assistance of counsel

{¶30} Jackson argues that he received ineffective assistance of counsel in the following respects:

{¶31} First, "defense counsel made no argument on behalf of Mr. Jackson when discussing with the trial court how to proceed following the jury's verdict." Jackson argues that this prejudiced him because "an argument by defense counsel that the inconsistent verdicts required conviction only on the allied offense may have led to the trial court to take that course."

**{¶32}** Second, defense counsel was ineffective in failing to object to the prosecutor's "improper statements in rebuttal after the defense's closing argument."

**{¶33}** Third, "although defense counsel moved for acquittal under Crim.R. 29, he made no argument to support the motion."

**{¶34}** Fourth, "defense counsel failed to subpoena Mr. Jackson's cell phone records, which could have established his whereabouts in the early morning hours of August 23, 2016."

**{¶35}** To establish ineffective assistance of counsel, a defendant must show that his or her lawyer's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶36}** None of Jackson's claims of ineffective assistance show prejudice. First, this court found that the verdicts in this case were consistent, and post-verdict statements by his attorney necessarily had no influence on the jury's verdict. Second, the prosecutor began some of his closing argument statements with the phrases "I don't believe * * *"; "I believe * * *"; and "I don't think * * *." Although arguably improper, Jackson fails to argue how this prejudiced him, particularly because he was acquitted of the firearm specifications. Third, Crim.R. 29 does not provide for "argument." Rather, the court, "on motion of a defendant or on its own motion * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction * * *." Fourth, speculation about evidence that may or may not exist does not establish prejudice. Furthermore, Jackson's cell phone records would not help prove where he was that night, because he is on video at the casino watching the victims, then leaving the casino following the victims in the car used in the robbery. Additionally, Haynesworth testified that Jackson was driving the car that night.

**{¶37}** Jackson failed to establish that his counsel was ineffective, and his fourth and final assignment of error is overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS
WITH ATTACHED DISSENTING OPINION

LARRY A. JONES, SR., J., DISSENTING:

**{¶39}** Respectfully, I dissent as to the majority's resolution on the issue of inconsistent verdicts raised in the first assignment of error, and ineffective assistance of counsel as it relates to the inconsistent verdicts raised in the fourth assignment of error.

**{¶40}** Jackson was charged under R.C. 2911.02(A)(1), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's

control." The indictment specifically charged that the deadly weapon was a firearm. The firearm specifications also charged that Jackson "had a firearm on or about the offender's person or under the offender's control while committing the offense," or "had * * * and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."[2] *See* R.C. 2941.141(A) and 2941.145(A).

**{¶41}** A "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). A "firearm" is defined as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1).

**{¶42}** On its face, the jury's decision to convict on aggravated robbery, but acquit on the firearm specifications is inconsistent. In *State v. Koss*, 49 Ohio St.3d 213, 551 N.E.2d 970 (1990), the Ohio Supreme Court held that a jury's acquittal on a firearm specification was inconsistent with a finding that the defendant was guilty of voluntary manslaughter. *Id.* at 219. The court held, therefore, that the defendant was entitled to a new trial on the underlying offense, but that double jeopardy barred a retrial on the firearm specification. *Id.*

**{¶43}** The state cites this court's decisions in *State v. Fair*, 8th Dist. Cuyahoga No. 89653, 2008-Ohio-930, and *State v. Howell*, 8th Dist. Cuyahoga No. 91569, 2009-Ohio-3092, for the proposition that there is no inconsistency here.

**{¶44}** In *Fair*, the defendant was charged with one count of aggravated robbery, with one- and three-year firearm specifications, and one count of having weapons while under disability.

---

[2]The state's theory of the case was that Jackson acted as an aider and abettor to Haynesworth. It was the state's position that Haynesworth had a firearm during the robbery, and thus, by extension on a complicity theory, so did Jackson.

The aggravated robbery charge proceeded to a jury trial, at the conclusion of which the jury found the defendant guilty of aggravated robbery, but not guilty of the firearm specifications. The having weapons while under disability charge was tried to the court, which found the defendant not guilty.

{¶45} On appeal to this court, the defendant contended that it was inconsistent for the jury to find him guilty of aggravated robbery, but not guilty on the firearm specifications and the having weapons while under disability count.   This court found no inconsistency, citing to other Ohio appellate court cases finding same,[3]  and *Browning v. State*, 120 Ohio St. 62, 165 N.E. 566 (1929).   *Howell* was decided in the same manner, and cited *Fair* as precedent.

{¶46} Upon review, I do not believe that *Browning* supports the outcome for which it has been relied on.   In *Browning*, a 1929 case, the court denied relief based on a claim of an inconsistent verdict consisting of embezzlement charges against the defendant.   The defendant was charged with 13 counts of embezzlement.   Count 1 charged the embezzlement of 12 definite sums of money on 11 different dates.   The other 12 counts were for the same monies charged in the first count.     The jury found the defendant guilty of Count 1, but not guilty of the remaining counts.   The defendant contended that the jury's verdict was inconsistent.

{¶47} The court held that a "verdict will not be set aside as inconsistent, or uncertain, because it finds differently as to counts in which there is no material difference."   *Id.* at 71. The court reasoned that "each count of an indictment charges a complete offense; that the separate counts of an indictment are not interdependent * * * that an inconsistency does not arise, unless it arises out of inconsistent responses to the same count."   *Id.* at 71-72.

---

[3]*See State v. Boyd*, 110 Ohio App.3d 13, 673 N.E.2d 607 (2d Dist.1996); *State v. Talley*, 2d Dist. Montgomery No. 13683, 1993 Ohio App. LEXIS 6307 (Dec. 29, 1993); *State v. Wilson*, 2d Dist. Clark No. 2803, 1992 Ohio App. LEXIS 340 (Jan. 21, 1992).

{¶48} Thus, the situation in *Browning* is distinguishable from the situation here. *Browning* did not involve a firearm specification attendant to a count; rather, it involved a situation in which there were several counts without a material difference — the counts all charged embezzlement of the same funds.

{¶49} The Ohio Supreme Court did not mention *Browning* in deciding *Koss*, 49 Ohio St.3d 213, 551 N.E.2d 970, maybe because as stated above, the circumstances were different. But in any event, in the years since *Browning* was decided, it is clear that Ohio law treats firearm specifications as sentence enhancements, not as separate criminal offenses. *See State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16-17.

{¶50} The provisions in the Revised Code governing firearm specifications demonstrate that a "firearm specification is contingent upon an underlying felony conviction." *Id.* at ¶ 16. The "provisions indicate that if a defendant is convicted of a felony offense and, during the commission of that offense, if the defendant displays, indicates possession of, or uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased * * *." *Id.*; *see also State v. Masters*, 8th Dist. Cuyahoga No. 103022, 2016-Ohio-7391, ¶ 14.

{¶51} Here, the indictment only charged one count and, therefore, the inconsistency necessarily arose out of the same count. Further demonstrating the inconsistency was that the trial court deemed Haynesworth's cell phone as the deadly weapon, despite the indictment charging that a firearm was used and the jury being instructed that the deadly weapon was a firearm. This circumstance did not exist in *Fair* and *Howell* and, therefore, those cases are distinguishable from this case on that point.

{¶52} *Fair* and *Howell* are also distinguishable from this case in that the defendants in those cases sought acquittal because of the inconsistencies. Here, instead of outright acquittal,

Jackson has proposed that this court amend his aggravated robbery conviction to a robbery conviction, an offense on which the jury was also instructed.

{¶53} For the reasons stated above, I believe the verdict in this case was inconsistent. The jury's acquittal on the firearm specifications translates to its belief that Haynesworth did *not* use a firearm during the robbery. Apparently, the jury believed Haynesworth that he had a cell phone in his hand, rather than a firearm. Thus, Jackson cannot be found guilty of *aggravated* robbery, which, as mentioned, by definition means that Haynesworth had a deadly weapon during the robbery. Not only would I decline, unlike the trial court, to find that a cell phone could be a deadly weapon — with the far-reaching consequences that would have — but I also note that the indictment specifically charged that a firearm was used.

{¶54} Thus, on this record, I believe that trial counsel was ineffective by not arguing the inconsistency of the verdicts. That is, counsel's performance was deficient, and Jackson was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). I recognize that, because defense counsel are generally afforded wide latitude in crafting their trial strategy, few criminal cases are reversed on the basis of an ineffective assistance of counsel claim. Nonetheless, an attorney has a duty to zealously represent a criminal defendant. Under the circumstances of this case, I would find that trial counsel did not do that.

{¶55} In sum, what I believe the jury ultimately convicted Jackson of was robbery. As mentioned, the trial court also instructed the jury on the allied offense of robbery. Thus, on this record, I would sustain the first assignment of error and the fourth assignments of error as it relates to the inconsistent verdicts. Although the usual remedy would be to remand the case for a new trial without the firearm specifications, under the circumstances of this case, and in the

interests of judicial economy, I would have ordered that the aggravated robbery conviction be vacated and substituted with a robbery conviction.[4]

{¶56} For the reasons above, I respectfully dissent as to the majority's resolution of the first assignment of error and the fourth assignment of error as it relates to the inconsistent verdicts.

---

[4]Ohio appellate courts have jurisdiction "to review and affirm, modify, or reverse final orders." Article IV, Section 3(B)(2), Ohio Constitution.